1  MICHELE BECKWITH
   Acting United States Attorney
2  NCHEKUBE ONYIMA
   Special Assistant United States Attorney
3  SAMUEL STEFANKI
   Assistant United States Attorney
4  501 I Street, Suite 10-100
   Sacramento, CA 95814
5  Telephone:  (916) 554-2700

6  Attorneys for Plaintiff
   United States of America

7

FILED

Apr 10, 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SEALED

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  UNITED STATES OF AMERICA, | CASE NO.   **2:25-cr-0095 WBS** |
| 11              Plaintiff, | 26 U.S.C. § 7202 – Willful Failure to Collect or Pay Over Tax (41 Counts); 26 U.S.C. §§ 7301, 7302, and 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| 12        v. | |
| 13  WARREN SOTO DELFIN, | |
| 14              Defendant. | |

15

16

17                    I N D I C T M E N T

18  COUNTS ONE THROUGH FORTY-ONE: [18 U.S.C. § 7202 – Willful Failure to Collect or Pay Over
                                  Tax]

19

20      The Grand Jury charges:  T H A T

21                    WARREN SOTO DELFIN,

22  defendant herein, as follows:

23    A.  Parties and Entities

24      At all times relevant to this Indictment:

25      1.      Warren Soto DELFIN was a resident of Fairfield, California.

26      2.      DELFIN owned and operated Family Generations, Inc. (Family Generations). DELFIN

27  described Family Generations as an umbrella company that oversees the home healthcare businesses that

28  he owns and operates.

INDICTMENT                              1

3.     DELFIN served as Chief Executive Officer of Elixir Home Health Care & Hospice Inc. ("Elixir Inc."). Elixir Inc. was a home healthcare company doing business in the Eastern District of California. It was incorporated on or about May 20, 2015, with DELFIN listed as the agent for service of process. Delfin owned and operated Elixir Inc.

4.     DELFIN served as Chief Executive Officer of Home Health Resources Group Inc. ("HHRG Inc."). HHRG Inc. was a home healthcare business that was incorporated on or about December 14, 2015, with DELFIN listed as the agent for service of process. DELFIN owned and operated HHRG Inc.

5.     DELFIN served as Chief Executive Officer of Mary's Help Home Health Services Inc. ("Mary's Help Inc."). Mary's Help Inc. was a home healthcare company doing business in the Eastern District of California. It was incorporated on or about April 20, 2005, with DELFIN listed as the agent for service of process. DELFIN owned and operated Mary's Help Inc.

6.     DELFIN served as Chief Executive Officer of Nor Cal Professional Home Health Care Services Inc. ("Nor Cal Inc."). Nor Cal Inc. was a home healthcare business that was incorporated on or about February 7, 2011, with DELFIN listed as the agent for service of process. DELFIN owned and operated Nor Cal Inc.

7.     DELFIN served as Chief Executive Officer of Synapse Healthcare Group ("Synapse"). Synapse was a home healthcare business that was incorporated on or about July 25, 2014, with DELFIN listed as the agent for service of process. DELFIN owned and operated Synapse.

8.     DELFIN exercised control over Elixir Inc., HHRG Inc., Mary's Help Inc., Nor Cal Inc., and Synapse's (collectively, "the Entities") business affairs. For example, DELFIN had authority over hiring and firing of each of the Entities' employees and controlled the Entities' bank accounts.

9.     The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

B.  Employment Tax Withholding

10.     Pursuant to the Internal Revenue Code and associated statutes and regulations, employers are required to withhold amounts from their employees' gross pay including Federal Insurance

INDICTMENT

2

1    Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and federal

2    income taxes.  These taxes will be referred to in this Indictment collectively as "Trust Fund Taxes"

3    because employers are required to hold the withheld amounts in trust until paid over to the United

4    States.  Employers are required to remit these withheld Trust Fund Taxes to the IRS on a quarterly basis,

5    no later than the last day of month following the end of the quarter.

6           11.    Employers are required to file, one month after the conclusion of the calendar quarter, an

7    Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of

8    income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax

9    deposits.

10    C.  DELFIN was Responsible for the Entities' Tax Withholdings

11           12.    At all relevant times, DELFIN controlled, and was the only signatory authority for, the

12    business bank accounts for Elixir Inc., HHRG Inc., Nor Cal Inc., and Synapse. One other person had

13    signatory authority on the bank account for Mary's Help Inc.

14           13.    At all relevant times, DELFIN was responsible for collecting, truthfully accounting for,

15    and paying over the Entities' payroll taxes, including Trust Fund Taxes to the United States.  At all

16    relevant times, DELFIN directed employees on how to handle the reporting of tax liabilities for the

17    Entities.  For example, with respect to the Forms 941, DELFIN required an employee to first complete

18    the Forms 941, and present them to him for review and signature prior to filing.

19           14.    For the forty-one calendar quarters from January 2018 through December 2022, DELFIN

20    signed all of Elixir Inc., HHRG Inc., Mary's Help Inc., Nor Cal Inc., and Synapse's Forms 941.

21    D.  Failure to Pay Over Taxes

22           15.    At all times relevant in the indictment, the Entities' withheld Trust Fund Taxes from their

23    employees' paychecks.  As DELFIN was aware, the Entities were required to make deposits of the Trust

24    Fund Taxes to the IRS on a quarterly basis.

25           16.    During the period of January 2018 through December 2022, DELFIN caused Elixir Inc.,

26    HHRG Inc., Mary's Help Inc., Nor Cal Inc., and Synapse to fail to pay to the IRS the required Trust

27    Fund Taxes due that the Entities' withheld from their employees' paychecks.

28           17.    Altogether, for the forty-one calendar quarters from January 2018 through December

INDICTMENT

3

2022, DELFIN failed to pay over approximately $2,331,440.79 in Trust Fund Taxes.

18.    DELFIN had funds available to pay his tax liabilities.

19.    Instead of paying his Form 941 liabilities, DELFIN purchased items such as a Lamborghini, jewelry, and real estate.

20.    As of 2024, DELFIN continued to accrue additional Form 941 liabilities.

21.    The total amount of payroll taxes outstanding through the fourth quarter of 2022 was approximately $3,706,262.53.

22.    Beginning on or about March 2018, and continuing up to and including December 2022, in the Eastern District of California, defendant, WARREN SOTO DELFIN, did willfully fail to pay over to the IRS all of the Trust Fund Taxes withheld and due and owing to the United States on behalf of Elixir Inc., HHRG Inc., Mary's Help Inc., Nor Cal Inc., and Synapse, and their employees, for each of the following quarters, with each calendar quarter constituting a separate count of this Indictment as set forth below:

| Elixir Inc. | | | |
|---|---|---|---|
| **COUNT** | **QUARTER** | **TRUST FUND TAXES WITHHELD** | **TRUST FUND TAXES PAID OVER TO IRS** |
| 1 | Second Quarter of 2019: April – June 2019 | $74,473.72 | $24,535.82 |
| 2 | Third Quarter of 2019: July – September 2019 | $54,476.74 | $0 |
| 3 | Fourth Quarter of 2019: October – December 2019 | $42,211.10 | $0 |
| 4 | First Quarter of 2020: January – March 2020 | $23,525.45 | $0 |
| 5 | First Quarter of 2021: January – March 2021 | $15,632.36 | $0 |
| 6 | Second Quarter of 2021: April – June 2021 | $19,164.65 | $0 |
| 7 | Third Quarter of 2021: July – September 2021 | $16,258.39 | $0 |
| 8 | Fourth Quarter of 2021: October – December 2021 | $18,476.07 | $0 |

INDICTMENT

| | HHRG, Inc. | | |
|---|---|---|---|
| **COUNT** | **QUARTER** | **TRUST FUND TAXES WITHHELD** | **TRUST FUND TAXES PAID OVER TO IRS** |
| 9 | First Quarter of 2018: January – March 2018 | $63,066.84 | $0 |
| 10 | Second Quarter of 2018: April – June 2018 | $90,894.80 | $0 |
| 11 | Third Quarter of 2018: July – September 2018 | $69,005.00 | $0 |
| 12 | Fourth Quarter of 2018: October – December 2018 | $88,592.39 | $0 |
| 13 | First Quarter of 2019: January – March 2019 | $85,688.20 | $0 |
| 14 | Second Quarter of 2019: April – June 2019 | $92,721.29 | $0 |
| 15 | Third Quarter of 2019: July – September 2019 | $133,343.21 | $0 |
| 16 | Fourth Quarter of 2019: October – December 2019 | $126,908.64 | $0 |
| 17 | First Quarter of 2020: January – March 2020 | $126,247.69 | $1,770.74 |
| 18 | First Quarter of 2021: January – March 2021 | $96,134.80 | $0 |
| 19 | Second Quarter of 2021: April – June 2021 | $97,822.42 | $0 |
| 20 | Third Quarter of 2021: July – September 2021 | $117,691.04 | $0 |
| 21 | Fourth Quarter of 2021: October – December 2021 | $107,560.54 | $0 |
| 22 | First Quarter of 2022: January – March 2022 | $71,506.44 | $0 |
| 23 | Second Quarter of 2022: April – June 2022 | $83,364.10 | $0 |

INDICTMENT

| | | | |
|---|---|---|---|
| | **Mary's Help Inc.** | | |
| **COUNT** | **QUARTER** | **TRUST FUND TAXES WITHHELD** | **TRUST FUND TAXES PAID OVER TO IRS** |
| 24 | Fourth Quarter of 2019: October – December 2019 | $42,383.19 | $5,636.55 |
| 25 | First Quarter of 2020: January – March 2020 | $36,463.18 | $0 |
| 26 | First Quarter of 2021: January – March 2021 | $40,084.19 | $0 |
| 27 | Second Quarter of 2021: April – June 2021 | $56,749.68 | $0 |
| 28 | Third Quarter of 2021: July – September 2021 | $38,933.44 | $117.50 |
| 29 | Fourth Quarter of 2021: October – December 2021 | $56,471.13 | $0 |

| | | | |
|---|---|---|---|
| | **Nor Cal Inc.** | | |
| **COUNT** | **QUARTER** | **TRUST FUND TAXES WITHHELD** | **TRUST FUND TAXES PAID OVER TO IRS** |
| 30 | First Quarter of 2020: January – March 2020 | $37,070.64 | $0 |
| 31 | Second Quarter of 2021: April – June 2021 | $41,908.69 | $0 |
| 32 | Third Quarter of 2021: July – September 2021 | $26,590.41 | $0 |
| 33 | Fourth Quarter of 2021: October – December 2021 | $22,071.15 | $0 |
| 34 | First Quarter of 2022: January – March 2022 | $11,412.18 | $2,862.58 |
| 35 | Second Quarter of 2022: April – June 2022 | $19,401.58 | $3,092.89 |

INDICTMENT

6

| | | | |
|---|---|---|---|
| | **Synapse** | | |
| **COUNT** | **QUARTER** | **TRUST FUND TAXES WITHHELD** | **TRUST FUND TAXES PAID OVER TO IRS** |
| 36 | Third Quarter of 2018: July – September 2018 | $22,832.49 | $0 |
| 37 | Fourth Quarter of 2018: October – December 2018 | $33,993.26 | $0 |
| 38 | First Quarter of 2019: January – March 2019 | $34,498.44 | $0 |
| 39 | Second Quarter of 2019: April – June 2019 | $46,111.91 | $0 |
| 40 | Third Quarter of 2019: July – September 2019 | $22,391.62 | $0 |
| 41 | Fourth Quarter of 2019: October – December 2019 | $27,307.73 | $0 |

All in violation of Title 26, United States Code, Section 7202.

FORFEITURE ALLEGATION:    [26 U.S.C. §§ 7301, 7302, and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1.    Upon conviction of one or more of the offenses alleged in Counts One through Forty-One of this Indictment, defendant WARREN SOTO DELFIN shall forfeit to the United States pursuant to Title 26, United States Code, Sections 7301, 7302, and Title 28, United States Code, Section 2461(c), any property that was involved in or an instrumentality to the successful completion of the violations and was in defendant's custody and control for the purpose of being sold or removed by defendant in fraud of the internal revenue laws, or with design to avoid payment of such tax, or which was removed, deposited, or concealed with the intent to defraud the United States of such tax or any part thereof in violation of Title 26, United States Code, Section 7202.

2.    If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Forty-One of this Indictment, for which defendant is convicted:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

INDICTMENT

7

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), as incorporated by Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

MICHELE BECKWITH
Acting United States Attorney

INDICTMENT

2:25-cr-0095 WBS

No. _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

WARREN SOTO DELFIN

## I N D I C T M E N T

**VIOLATION(S):** 26 U.S.C. § 7202 – Willful Failure to Collect or Pay Over Tax (41 Counts);
26 U.S.C. §§ 7301, 7302, and 28 U.S.C. § 2461(C) – Criminal Forfeiture

*A true bill,*

**/s/ Signature on file w/AUSA**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Foreman.*

*Filed in open court this* _ _ _ _ **10th** _ _ _ _ _ _ _ *day*

*of* _ _ **April** _ _ _ _ _ _ _ _ _ , *A.D. 20* **25** _ _ _ _

/s/ Chris Nair
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Clerk.*

*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _

Bench warrant to issue; detention/release TBD at IA

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
U.S. Magistrate Judge

GPO 863 525

2:25-cr-0095 WBS

**United States v. Warren Soto Delfin**
**Penalties for Indictment**

## COUNT 1-41:

VIOLATION:          26 U.S.C. § 7202 - Failure to Pay Over Employment Taxes

PENALTIES:          Mandatory minimum of 5 years in prison; or
                    Fine of up to $250,000 or twice the gross gain/loss; or both fine and
                    imprisonment
                    Maximum 3 years Supervised release

SPECIAL ASSESSMENT: $100 (mandatory on each count)


SPECIAL ASSESSMENT: $100 (mandatory on each count)

## FORFEITURE ALLEGATION:

VIOLATION:          26 U.S.C. §§ 7301, 7302, and 28 U.S.C. § 2461(c) – Criminal Forfeiture


PENALTIES:          As stated in the charging document