KIMBERLY A. SANCHEZ
Acting United States Attorney
NCHEKUBE ONYIMA
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-CR-00095-WBS |
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUSION OF TIME UNDER SPEEDY TRIAL ACT FINDINGS AND ORDER |
| v. | |
| WARREN SOTO DELFIN, | DATE: August 4, 2025 |
| Defendant. | TIME: 10:00 a.m. |
| | COURT: Hon. William B. Shubb |

**STIPULATION**

Plaintiff United States of America, by and through its attorney of record, Nchekube Onyima, Special Assistant United States Attorney, and defendant Warren Soto DELFIN, both individually and by and through his counsel of record, Brendan Hickey, hereby stipulate as follows:

1.      By previous order this matter was set for a status conference on August 4, 2025, and time was excluded from May 27, 2025, through August 4, 2025, under Local Code T4. ECF 17.

2.      By this stipulation, the parties now move to continue the status conference until November 17, 2025, and to exclude time between August 4, 2025, and November 3, 2025, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

        a)      The government has represented that the discovery in this case consists of thousands of pages documents including bank records, business records, tax records, and agent

STIPULATION TO CONTINUE AND EXCLUSION
OF TIME UNDER SPEEDY TRIAL ACT

1

1    reports, as well as recorded interviews.

2        b)    On June 18, 2025, the Court ordered the defendant's prior counsel to be

3    substituted for Attorney Brendan Hickey.

4        c)    On June 18, 2025, the government issued to defense counsel over 70,000 pages of

5    discovery consisting of bank records, defendant's business records, title documents, tax records,

6    and agent reports, as well as recorded interviews.

7        d)    Aside from the 70,000 pages of discovery, there remains 16 bankers' boxes of

8    additional documents that have yet to be reviewed by defense counsel. These boxes of

9    documents are records that have yet to be scanned and that are in the possession of the agents in

10   this case. The parties are coordinating a time for defense counsel and the agents to meet to

11   review and scan the documents in the 16 bankers' boxes.

12       e)    Defense counsel and the agents in this case are set to meet on or about August 19,

13   2025, to review the documents contained in the 16 bankers' boxes.

14       f)    Due to the volume of the discovery in this case, defense counsel requires

15   additional time to review and copy discovery for this matter, discuss potential resolution with his

16   client, and otherwise prepare for trial.

17       g)    Defense counsel believes that failure to grant the above-requested continuance

18   would deny him the reasonable time necessary for effective preparation, taking into account the

19   exercise of due diligence.

20       h)    The government does not object to the continuance.

21       i)    Based on the above-stated findings, the ends of justice served by continuing the

22   case as requested outweigh the interest of the public and the defendant in a trial within the

23   original date prescribed by the Speedy Trial Act.

24       j)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

25   et seq., within which trial must commence, the time period of August 4, 2025 to November 3,

26   2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

27   T4] because it results from a continuance granted by the Court at defendant's request on the basis

28   of the Court's finding that the ends of justice served by taking such action outweigh the best

STIPULATION TO CONTINUE AND EXCLUSION            2
OF TIME UNDER SPEEDY TRIAL ACT

interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludible from the period within which a trial must commence.


IT IS SO STIPULATED.


KIMBERLY A. SANCHEZ
Acting United States Attorney

Dated:  July 29, 2025                    /s/Nchekube Onyima
                                         NCHEKUBE ONYIMA
                                         Special Assistant United States Attorney


Dated:  July 29, 2025                    /s/Brendan Hickey
                                         BRENDAN HICKEY
                                         Counsel for Defendant
                                         Warren Soto Delfin


**ORDER**

IT IS SO FOUND AND ORDERED.


Dated:  July 29, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE


STIPULATION TO CONTINUE AND EXCLUSION          3
OF TIME UNDER SPEEDY TRIAL ACT