ERIC GRANT
United States Attorney
NCHEKUBE ONYIMA
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-CR-00095-WBS |
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUSION OF TIME UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| WARREN SOTO DELFIN, | DATE: February 2, 2026 |
| Defendant. | TIME: 10:00 a.m. |
| | COURT: Hon. William B. Shubb |

**STIPULATION**

Plaintiff United States of America, by and through its attorney of record, Nchekube Onyima, Special Assistant United States Attorney, and defendant Warren Soto DELFIN, both individually and by and through his counsel of record, Brendan Hickey, hereby stipulate as follows:

1.      By previous order this matter was set for a status conference on August 4, 2025, and time was excluded from May 27, 2025, through August 4, 2025, under Local Code T4.  ECF 17.

2.      By previous order this matter was set for a status conference on November 3, 2025, and time was excluded from August 4, 2025, through November 3, 2025, under Local Code T4.  ECF 30.

3.      By previous order this matter was set for a status conference on February 2, 2026, and time was excluded from November 3, 2025, through February 2, 2026, under Local Code T4.  ECF 35.

4.      By this stipulation, the parties now move to continue the status conference until **April 27, 2026 at 10:00 a.m.,** and to exclude time between February 2, 2026, and April 27, 2026, under Local

STIPULATION TO CONTINUE AND EXCLUSION
OF TIME UNDER SPEEDY TRIAL ACT

1

Code T4.

5.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery in this case consists of thousands of pages documents including bank records, business records, tax records, and agent reports, as well as recorded interviews.

b)      The government has produced approximately over hundred thousand pages of bank records, business records, tax records, agent reports, and other documents.  The government has also produced recorded interviews.

c)      After the government's initial productions, defense counsel made additional requests for records which were maintained in another federal judicial district.  The government has obtained those records which consist of approximately two thousand pages.  The government is currently reviewing these records and will produce any that are discoverable to defense counsel.

d)      Once any discoverable records are produced, and defense counsel has an opportunity to review the records, the parties expect to meet and confer at some time in March 2026.

e)      Due to the volume of the discovery in this case, and the parties' upcoming meeting, defense counsel requires additional time to review and copy discovery for this matter, discuss potential resolution with his client, and otherwise prepare for trial.

f)      Defense counsel believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

g)      The government does not object to the continuance.

h)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

i)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 2, 2026 to April 27,

STIPULATION TO CONTINUE AND EXCLUSION
OF TIME UNDER SPEEDY TRIAL ACT

2

2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludible from the period within which a trial must commence.

IT IS SO STIPULATED.

ERIC GRANT
United States Attorney

Dated:  January 27, 2026

/s/Nchekube Onyima
NCHEKUBE ONYIMA
Special Assistant United States Attorney

Dated:  January 27, 2026

/s/Brendan Hickey
BRENDAN HICKEY
Counsel for Defendant
Warren Soto Delfin

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  January 27, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

STIPULATION TO CONTINUE AND EXCLUSION
OF TIME UNDER SPEEDY TRIAL ACT

3